Matthias, J.
The issue raised by this appeal is whether, in a civil action against an insurer by an insured employer upon a policy of fidelity insurance protecting such employer from defalcations by his employees, written and signed confessions by certain employees admitting misappropriations of their employer’s funds and stating the amounts of such misappropriations are admissible in evidence to prove both the fact and the amount of the loss.
*403 Defendant relies heavily on the case of Stetson v. City Bank of New Orleans, 2 Ohio St, 167, to support its contention that snch confessions are hearsay and thus inadmissible.
Plaintiff, on the other hand, urges that such statements are admissible as exceptions to the hearsay rule, being either declarations against interest or a part of the res gestae.
The Stetson case, supra, was a suit against a surety for the alleged defalcation of one Hyde, a former employee of the City Bank of New Orleans, and one of the questions raised therein was whether the testimony by deposition of two of the officers of the bank regarding the admission of Hyde to them, “made shortly before and after his dismissal from office, as to the extent of his defalcation; and also a written statement signed by him [Hyde] and delivered to the other officers of the bank to the same effect, ’ ’ were admissible under the res gestae exception to the hearsay rule.
In determining that such statements were not a part of the res gestae and were thus inadmissible, the court, at page 179, clearly indicated, in the following words, that it was not considering the declaration-against-interest exception to the hearsay rule:
“Middleton v. Melton [10 B. & C., 317, a case cited by the plaintiff in the Stetson case to substantiate the claim of admissibility of Hyde’s admissions] was upon the bond of a deceased collector, and the entries being made in a private book, were received against the surety; and although, I should apprehend, admissible as an act contemporaneous with the receipt of the money, yet they were admitted upon the general principle of entries made by persons since deceased, against their interests.
C Í % # #
“The situation of this case makes it entirely unnecessary to consider the admissibility or effect of such evidence, if Hyde was dead or a party to the suit; but we are clear in the opinion that it could not properly be received while he was a living and competent witness.”
The Stetson case is, thus, clearly distinguishable from the instant case, as that case was decided upon a theory of law into which it is not necessary to delve in the instant case. *404 Whether the confessions herein under consideration are par of the res gestae is immaterial in the light of the following discussion.
Early in the history of the law of evidence the courts recognized that, although in most instances hearsay evidence should not be admitted, due to the inability to test the trustworthiness of such evidence, there are conditions and circumstances in which hearsay evidence as a matter of necessity must and can be relied upon as being trustworthy.
One of the exceptions to the hearsay rule, which has been found to be based on trustworthiness or a probability of truthfulness and veracity, and which has arisen due to necessity, is a declaration against interest by a third party.
The courts, where confronted with a situation where death, absence from the jurisdiction or insanity makes a witness unavailable, and where such witness is the only source from which his evidence can be obtained, have held that as a matter of necessity a declaration by such witness against his interest should be admitted in evidence. The courts have reasoned that a person does not make statements against his own pecuniary interest unless they are true and have thus considered such statements trustworthy, even though there is no opportunity to confront the witness or to cross-examine him. 5 Wigmore on Evidence, 204, Section 1421.
Thus, the rule has arisen that a declaration against interest by one not a party or in privity with a party to an action is admissible in evidence, where (1) the person malting such declaration is either dead or unavailable as a witness due to sickness, insanity or absence from the jurisdiction, (2) the declarant had peculiar means of knowing the facts which he stated, (3) the declaration was against his pecuniary or proprietary interest and (4) he had no probable motive to falsify the facts stated.
See Weber v. Chicago Rock Island & Pacific Rd. Co., 175 Iowa, 358, 151 N. W., 852, L. R. A. 1918A, 626; Sutter, Public Admr., v. Easterly, 354 Mo., 282, 189 S. W. (2d), 284, 162 A. L. R., 437; Truelsch v. Miller, 186 Wis., 239, 202 N. W., 352, 38 A. L. R., 914; Reed v. Philpots, Admr., 235 Ky., 429, 31 S. W. (2d), *405 709; 1 Jones on Evidence (4 Ed.), 600, Section 323; and 5 Wigmore on Evidence, 260 et seq., Section 1455 et seq.
We realize that element (1) of the rnle above is somewhat broader than the dicta spoken by the conrt in the Stetson case, i. e., “we are clear in the opinion that it could not properly he received while he was a living and competent witness,” but we are compelled by logic and reason to the conclusion that there may be circumstances other than death which render a witness as unavailable to testify as if he were in fact dead, and that under such circumstances a declaration, if it meets the other requirements of the rule, loses none of its trustworthiness or probability of truthfulness and veracity. Thus, anything in the dicta of the court in the Stetson case, hereinbefore set out, which is contrary to this conclusion cannot be said to be the law of Ohio on the subject.
At least as applied to written and signed confessions, we are in accord with the rule as stated above, and we will consider the confessions of the employees in the instant case in relation to this rule. First, it is apparent from the record that the employees making them were unavailable as witnesses, having been summoned and not found in the jurisdiction by the sheriff. Second, certainly a person who commits an embezzelment has a peculiar means of knowing whether he embezzled and how much he took, and, from the record in the instant case, plaintiff’s employees are the only persons who can accurately indicate both the fact and the amount of the embezzlements. Third, it was clearly not to their interest to state such facts, since such declarations render them civilly liable for the amounts of their defalcations. Fourth, there would certainly be no probable motive for plaintiff’s employees to falsify the facts stated unless it would be to minimize the amount of their defalcations, and that question is not raised herein.
In the present case, one of plaintiff’s employees was called as a witness and denied the facts stated in her prior confession, claiming it was obtained under duress. Under such circumstances her confession was admissible for only the purpose of impeachment of her testimony. 42 Ohio Jurisprudence, 415, Witnesses, Section 406; and 58 American Jurisprudence, 423, Witnesses, Section 773.
*406 It is our conclusion that, in a civil action by an insured against his fidelity insurer to recover for defalcations by employees of the former, where such employees are unavailable as witnesses, they having been summoned and not found in the jurisdiction by the sheriff, written and signed confessions of such employees are admissible in evidence as declarations against interest as to both the fact and the amount of the loss.
For the reasons herein set out, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

WeygaNDt, C. J., ZimmermaN, Stewart, Bell, Taft and Herbert, JJ., concur.